Casey, Ch. J.,
dissenting:
The damages claimed and recovered in this case arise upon two contracts for building a floating dry dock in the harbor of San Francisco, California. The first is dated the 19th May, 1851, for the completion of a dock of ten sections, in two years from its date, at the sum of six hundred and ten thousand dollars, payable in instalments as the work progressed. Ten per cent, was reserved until the completion of the work. The claimants were to furnish all the materials and labor, and the government was to designate the site. The materials and dock were required to be insured in the name of the United States, and as a further security to the United States it was stipulated that “ the said materials are to be held and used as the property of the United States.”
The second contract was dated the 4th of August, 1852. The time for the performance of the work was not changed, but the claimants agreed to procure a suitable site for the dock, and at their own exx>ense, and construct a suitable pier to work such dock. They were to keep it safely and in good repair, and at all times give preference to vessels of the United States free of charge. On the completion of the dock and its acceptance by the United States, it was to be surrendered to, and used by, the claimants, for the period of three years, they, in *314 the meantime, docking tbe vessels of tbe United States free of all charge. It was to be used under suck a reasonable tariff of prices as tbe claimants should establish, and tbe Secretary of the Navy should approve.' On the first of November, 1853, the claimants had set up and completed seven sections of this dock, and had been paid the ninety per cent, on that part of the work. They fixed a tariff of prices for its use, and these were approved by the Secretary of the Navy; and they commenced the use of the dock, taking in all such merchant vessels as offered, and all such government ships as the contract stipulated. The other three sections were not completed until some time in the fall of 1855. They notified the Navy Department that the dock was completed and ready for the test provided in the agreement. A large government vessel was dispatched to San Francisco, and which arrived in the following March. The various trials and tests provided in the contract were made. The dock was found to work well and to fulfill all the requirements of the contracts, was accepted by the officers designated to make the trials and tests, and ivas then redelivered to the claimants. . Soon thereafter the Navy Department gave notice to the claimants that the United States would take possession of the dock . and appurtenances on the 1st November, 1856.
The claimants allege that by the terms of the second contract they were entitled to have the use of the dock for three years from and after its completion and acceptance by the United States; and that as they only had it for about seven and one-half months after that date, they are entitled to recover in damages-a sum equivalent to the net earnings of the dock for the residue of the three years. These damages, they claim, were by the terms of the contract to have been assessed or appraised by the Secretary of the Navy, and that he has, in his report to Congress of February 22, 1859, assessed them at $59,223 94, and for this sum as liquidated damages they claim judgment.
To this claim, or the greater part of it, there are three several matters of defence.
I. There was nothing in the contract that authorized the claimants to use the dock in its unfinished state; nor was there anything in the contract which prevented the parties from agreeing that the use might commence before its comx>letion. The fact is clear, from the acts and conduct of the parties, that they did come to such an understanding, for the.claimants made *315 their tariff of prices for its use, and the Secretary of the Navy approved it. They used it for merchant vessels, charging these very rates. They docked the government vessels, never claiming at any time that they had any right to charge for so doing. This use they commenced in November, 1853, and continued it till November, 1856, without let or liinderauce on the part of the United States. So that they have had the actual use of it for the full period of three years, and, according to the estimate of the navy, at a net receipt, over and above all expenses of working and ordinary repairs, of nearly twenty-five thousand dollars per annum.
Now this dock, in my opinion, contrary to the position of the claimants, during all this time was the property of the United States. It was so expressly stipulated in the contract that from time of payment of the first instalments the materials and dock were to become the property of the United States. ■ There was, therefore, no room for any implication of law as to whether it was vested in the claimants or the United States; for by the express, undoubted law. of the contract, it was vested inthe United States; and the claimants having used it for their own advantage and benefit, are presumed to have occupied it lawfully and rightfully under their contract, and not as intruders or trespassers.
II., But if I am in error on that point it does not follow that the plaintiffs are entitled to the damages claimed. Admitting that the agreements only provide for an occupancy under the lease from and after the completion and acceptance of the dock, what follows ? Simply this: that the claimants, with the permission and assent of the United States, have had the occupancy and use of this property, which the United States had paid for, and which, by the express terms of the contract, was vested in them. They are bound to pay for such occupancy and use, and if the contract is silent as to the amount, then it is to be a reasonable amount, to be judged of by all the circumstances. And this amount so ascertained, is to be set off against the damages claimed. Now in this case all these amounts are ascertained with great precision by the reports of the Secretary of the Navy. The value of the remaining time of the lease, as alleged by the claimants, is $59,223 94. The amount received after deducting all charges, expenses, breakages, repairs, &c., as stated by themselves, was $53,519 37, leav *316 ing, in. this aspect of the case, due to the claimants the sum of ' $5,704 57.
III. But there is still another objection to the claimants’ recovery, which is, in my opinion, equally fatal to their case.
This action under the contract did not accrue until the Secretary of the Navy had made his report of the damages in the case. That report was made on the 22d February, 1859 $ this suit was not brought until the 2d of March, 1866; the six years expired on the 22d February, 1865, more than a year before the filing of the original petition in this case. It is, therefore, barred by the limitation of the tenth section of the act of March 3d, 1863. And I am in favor of dismissing the petition.
Milligan, J., concurred with the Ohiee Justice.